IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Izell D. Hair, | ) |
|         Plaintiff, | ) |
| vs. | ) Civil Action No. 2:21-cv-1345-TMC |
| Brian Kendell, Carol Holmes, Albert Mack, Travis Guess, and Shonta Robinson,[1] | ) **ORDER** |
|         Defendants. | ) |

Plaintiff Izell D. Hair, a state prisoner proceeding *pro se* and *in forma pauperis*, filed this action pursuant to 42 U.S.C. § 1983 alleging that Defendants, both individually and in their official capacities, violated his constitutional rights. (ECF Nos. 1; 2; 11). In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), this matter was referred to a magistrate judge for all pretrial proceedings. On January 4, 2022, Defendants filed a joint motion for summary judgment. (ECF No. 71). On February 23, 2022, Plaintiff filed his response in opposition to Defendants' motion. (ECF No. 99). Defendants filed a joint reply on March 11, 2022, (ECF No. 113), and Plaintiff filed a sur-reply on March 23, 2022 (ECF No. 114).

Now before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that the court grant Defendants' motion for summary judgment. (ECF No. 119). Specifically, the magistrate judge recommended that the motion be granted with respect to Plaintiff's § 1983 claims for violation of his Eighth Amendment rights against Defendants in their individual capacities because (1) "Plaintiff has not raised a question of fact regarding his purported

---

[1] Timothy Clark was dismissed as a defendant to this action on February 22, 2022, upon motion of the Plaintiff with Defendants' consent. (ECF Nos. 69, 83, 94).

1

inability to exercise[,]" *id*. at 9; and (2) "considering the totality of the circumstances in this instance, the sunlight and 'fresh air' limitations about which Plaintiff complains are not 'the type of "extreme deprivations [that] are required to make out a conditions-of-confinement claim[,]"'" *id*. at 12 (quoting *Geissler v. Williams*, No. 1:18-cv-1897-DCN-SVH, 2019 WL 7882395, at *4 (D.S.C. Dec. 18, 2019), *report & rec. adopted by* No. 1:18-cv-1897-DCN, 2020 WL 502634 (D.S.C. Jan. 31, 2020)). As to Plaintiff's Fourteenth Amendment equal protection claim, the magistrate judge found that "Plaintiff failed to demonstrate that he was treated differently from others with whom he is similarly situated, and that the alleged unequal treatment was the result of intentional discrimination." *Id*. at 14. Additionally, the magistrate judge recommended the court grant the motion as to Plaintiff's claim for injunctive relief against Defendant Brian Kendell in his official capacity as the current Warden of Lieber Correctional Institution where Plaintiff is detained. *Id*. at 15–16. In particular, the magistrate judge found that Plaintiff "failed to show that he suffered a serious or significant injury, let alone an irreparable one[,]" and, consequently, "Plaintiff has failed to establish that there is a 'real or immediate threat that [he] will be wronged again . . . in a similar way.'" *Id*. at 16 (quoting *Simmons v. Poe*, 47 F.3d 1370, 1382 (4th Cir. 1995)). Accordingly, the magistrate judge concluded that injunctive relief is inappropriate, and that Defendants are entitled to summary judgment on all Plaintiff's claims. *Id*.

The Report was mailed to Plaintiff at the address he provided the court, (ECF No. 120), and has not been returned as undeliverable. Therefore, Plaintiff is presumed to have received the Report. On July 1, 2022, Plaintiff filed a motion requesting a twenty-one (21) day extension of time in which to file his objections to the Report, but providing no explanation or argument as to why such additional time was necessary. (ECF No. 121). Nevertheless, out of an abundance of caution, the court granted Plaintiff's motion in part and permitted him an additional fourteen (14)

days to file any objections to the Report. (ECF No. 122). The court further warned Plaintiff that no additional extensions would be granted. *Id*. The time for Plaintiff to object to the Report has now expired, no objections have been received, and this matter is ripe for review.

The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). Nevertheless, "[t]he district court is only required to review *de novo* those portions of the report to which specific objections have been made, and need not conduct *de novo* review 'when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations.'" *Farmer v. McBride*, 177 Fed. App'x 327, 330–31 (4th Cir. April 26, 2006) (quoting *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982)). The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Greenspan v. Brothers Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

Thus, having reviewed the Report and the record and, finding no clear error, the court agrees with and wholly **ADOPTS** the magistrate judge's findings and recommendations in the Report (ECF No. 119), which is incorporated herein by reference. Accordingly, Defendants' motion for summary judgment (ECF No. 71) is hereby **GRANTED**.

**IT IS SO ORDERED.**

                                                                                         s/Timothy M. Cain
                                                                                         United States District Judge

Anderson, South Carolina
July 25, 2022

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.